IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE WEISNER, | No. 2:21-CV-2275-DAD-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| RICK HILL, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 40, for leave to file a second amended complaint. With his motion, Plaintiff filed a second amended complaint, ECF No. 41. Defendants oppose Plaintiff's motion, ECF No. 42.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between

1

the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Where a party files an amended complaint without the right to do so, it is properly stricken by the Court. See, e.g., Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (striking fourth amended complaint: "If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect."); Sexton v. Spirit Airlines, Inc., Case No. 2:21-cv-00898-TLN-AC, 2022 WL 976914 (E.D. Cal. March 31, 2022) (striking amended complaint); Guthrie v. Hurwitz, Case No. 1:18-cv-00282-AWI-BAM, 2018 WL 4005261, at *1 (E.D. Cal. Aug. 20, 2018) (striking amended complaint).

Because Plaintiff has already filed an amendment as of right, and because Defendants have filed a motion to dismiss the operative first amended complaint and do not consent to further amendment, leave of court is required.  Here, the Court finds that leave is not warranted.  Specifically, Plaintiff does not address any of the factors outlined above explaining why leave to amend should be granted.  In his one-page motion, Plaintiff states that "[t]his motion and pleading further opposes the Defendant(s)' notice of motion and motion to dismiss Plaintiff's complaint." ECF No. 40.  Plaintiff offers no explanation whatsoever regarding delay in seeking leave to file a second amended complaint, prejudice to Defendants should leave be granted, or any of the other factors such as delay in resolution on the merits or the Court's need to manage its docket.  Because Plaintiff has not made any showing supporting leave to amend, Plaintiff's motion will be denied.

Defendants' motion to dismiss Plaintiff's first amended complaint, which is fully briefed, will be addressed by separate findings and recommendations.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to amend, ECF No. 40, is denied.

2. The second amended complaint, ECF No. 41, filed on January 27, 2023, is stricken.

Dated: June 5, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

.