IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE WEISNER,<br><br>Plaintiff,<br><br>v.<br><br>RICK HILL, et al.,<br><br>Defendants. | No. 2:21-CV-2275-DAD-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' motion to dismiss. See ECF No. 31. Plaintiff has filed an opposition. See ECF No. 32. Defendants have filed a reply. See ECF No. 33.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Furthermore, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

Finally, "the Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original). The rule, however, "applies only to a plaintiff's factual allegations." See Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### I. PLAINTIFF'S ALLEGATIONS

Following a lengthy procedural history which is reflected on the docket and not repeated here, this action currently proceeds on Plaintiff's first amended complaint (hereinafter "FAC") at ECF No 37. Plaintiff names the following as defendants: (1) Rick Hill, Folsom State Prison Warden; (2) M. Carrillo, Folsom State Prison Correctional Counselor; (3) John Does 1-5; (4) Jane Does 1-5. See ECF No. 37, pgs. 1-2. Plaintiff alleges the events which give rise to his FAC took place while he was a prisoner at Folsom State Prison. See id. at 9. Plaintiff claims both Defendant Hill and Defendant Carrillo "knowingly, unlawfully, and with the specific intent violated plaintiff's rights by deliberately retaliating against plaintiff for taking part in protected conduct causing pain and suffering." Id.

Plaintiff alleges that on November 18, 2020, he "was placed in Administrative Segregation at Folsom State Prison pending investigation of incident report log no. 15162." Id. at 9. Plaintiff adds that, "On November 25, 2020, Plaintiff attended Inmate Classification Committee (hereinafter "ICC"), where Hill and Carrillo were present." Id. (abbreviation added Plaintiff further alleges that during this meeting he was asked by Defendant Carrillo if Plaintiff planned to postpone the Rules Violation Report (hereinafter "RVR") and Plaintiff affirmed that he was planning to postpone the RVR. See id. Plaintiff alleges that Carrillo then informed him that Plaintiff would still serve the Special Housing Unit (hereinafter "SHU") term. See id.

1    Plaintiff states that he then asked, "[W]hy I haven't been found guilty of anything?" Id. Plaintiff
2    adds that Hill responded, "[J]ust because you postpone the RVR doesn't mean you don't have to
3    serve a SHU term". Id. Plaintiff alleges that he then said, "[Y]es that's exactly what Title 15 and
4    the law says." Id. Plaintiff claims, "Hill then says I don't care what it says your serving the SHU
5    term since you want to postpone the RVR." Id. Plaintiff states that Carrillo then calculated the
6    SHU term with a Minimum Eligible Release Date of February 15, 2021. See id. Plaintiff alleges
7    he was "then forced to serve the SHU term illegally and in violation of his rights." Id.

8            Plaintiff adds that he was not brought back before the ICC until February 11, 2021,
9    at which time "the committee supend[ed] the remainder of the SHU term." Id. Plaintiff states that
10   on April 30, 2021, he filed "an appeal regarding this misconduct, and violation of his rights." Id.
11   Plaintiff claims that on May 6, 2021, the Office of Grievances issued a response at the
12   institutional level rejecting the appeal. See id. Plaintiff further alleges that on May 27, 2021,
13   "[P]laintiff appealed the Institution's response to the highest level available the Office of Appeals
14   CDCR Sacramento, CA." Id. at 10. Plaintiff adds that on July 27, 2021, "the Office of Appeals
15   Denied [Plaintiff's] claim, saying that decision Exhausts the administrative remedies available to
16   the Plaintiff." Id. Plaintiff also included the standard form for Claim III in which he checks the
17   box identifying the issue as property but does not include any factual allegations to support this
18   claim. See id. at 5.

19           Based on these allegations, Plaintiff contends that the SHU term was imposed
20   against him by Defendant Hill and Defendant Carrillo in retaliation of Plaintiff postponing his
21   RVR and that serving the SHU term violated Plaintiff's Eighth Amendment and Fourteenth
22   Amendment rights. See id. at 10. Plaintiff alleges that both Defendant Hill and Defendant
23   Carrillo, "knew well that plaintiff was not supposed to be forced to serve a SHU term in violation
24   of the law and plaintiff's rights." Id. Plaintiff states, "Hill and Carrillo's actions and/or omissions
25   were and continue to be wanton, reckless, deliberate, retaliatory, and a total disregard for the
26   rights of the plaintiff." Id. Plaintiff alleges he "sustained Injuries including, but not limited to: (1)
27   loss of life and liberty without due process of the law; (2) loss of conduct credit earning; (3) loss
28   of access to rehabilitative programming; (4) Mental Anguish and suffering; [and] (5) Cruel and

Unusual punishment outside Normal Standards." Id. Plaintiff's FAC states that he seeks injunctive relief as may be appropriate and specifically enjoining the named defendants from engaging in the unlawful conduct alleged; declaratory relief as may be appropriate; various forms of costs and damages; interest as allowed by law; appointment of counsel; an order directing the U.S. Marshall to serve the named defendants including any and all processing and service fees; and any further relief as the court may deem appropriate. See id. at 12-13.

## II. DISCUSSION

In their motion to dismiss, Defendants argue that this action should be dismissed because: (1) Plaintiff has failed to state a conditions of confinement claim; (2) Plaintiff has failed to state a due process claim; (3) Plaintiff has failed to state a retaliation claim; (4) Plaintiff has failed to state a claim for relief relating to his property; (5) Plaintiff's request for injunctive relief should be dismissed as moot; and (6) leave to amend is not warranted.

### A. Conditions of Confinement Claim Under the Eighth Amendment

"The Constitution 'does not mandate comfortable prisons.'" Farmer, 511 U.S. at 832 (quoting Rhodes, 452 U.S. at 349); see also Hallett v. Morgan, 296 F.3d 732, 745 (9th Cir. 2002); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes, 452 U.S. at 347; Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint, 801 F.2d at 1107; see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the Court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. See Toussaint, 801 F.2d at 1107; Wright, 642 F.2d at 1133. "Some conditions of confinement may establish an

Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise – for example, a low cell temperature at night combined with a failure to issue blankets." Wilson v. Seiter, 501 U.S. 294, 304 (1991); see also Thomas v. Ponder, 611 F.3d 1144, 1151 (9th Cir. 2010); Osolinski, 92 F.3d at 938-39; *Toussaint*, 801 F.2d at 1107; Wright, 642 F.2d at 1133. When considering the conditions of confinement, the Court should also consider the amount of time to which the prisoner was subjected to the condition. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005).

      With respect to Plaintiff's claim under the Eighth Amendment, Defendants argue Plaintiff's allegations fail to support the claim. See ECF No. 31, pg. 7-8. According to Defendants, the FAC does not provide any detail to support Plaintiff's conditions-of-confinement claims. See id. Defendants further contend that Plaintiff's claim is premised solely on his placement in administrative segregation, which is insufficient to state an Eighth Amendment claim. See id. Finally, Defendants conclude that Plaintiff's conditions-of-confinement claim also fails because, even if there was a sufficient deprivation, Plaintiff has not alleged that Defendants knew of the deprivation and disregarded it. See id.

      In Plaintiff's opposition he clarifies it was the "combination of the conditions and the length of which the plaintiff was illegally forced to endure those conditions[]" as "what amounted to the cruel and unusual punishment standard[] [t]hat the plaintiff was subjected to." ECF No. 32-1, pg. 5. Plaintiff also contends that he had alleged the conditions which violated his Eighth Amendment rights in his prior opposition to the Defendants' previous motion to dismiss. See ECF No. 32, pg. 2. Plaintiff asks the Court to take judicial notice of the conditions alleged in his previous opposition, as well as "the Fact that the Named-Defendant(s) have never once argued that they have not subjected the plaintiff to any of his claims. This I'd ask the court to recognize as a partial Admission of Guilt." See ECF No. 32, pg. 3. Plaintiff further attempts to have the Court consider the allegations of his confinement, which he failed to allege in his FAC, by realleging them in his opposition. See ECF No. 32, pg. 6.

In Defendants' reply, they argue that neither Plaintiff's placement in administrative segregation nor the duration of his stay are sufficient to state a claim for the violation of his Eighth Amendment rights. See ECF No. 33, pgs. 2-3. Defendants also contend that judicial notice is improper for the conditions of confinement alleged in Defendants' prior opposition to a previous motion to dismiss, as well as for Defendants' lack of arguing they have not subjected Plaintiff to any of his claims. See ECF No. 33, pg. 3. With respect to Plaintiff's attempt to state the conditions of his confinement in his opposition, Defendants argue, "This is equally improper, as Plaintiff cannot amend the FAC via opposition brief." ECF No. 33, pg. 4 (citation omitted). Defendants add, "Finally, Defendants argued that the FAC has no allegations that they possessed the requisite mental state to support the subjective element of an Eighth Amendment claim. (ECF No. 31 at 8.) Plaintiff does not attempt to explain how the FAC satisfies this element, providing an additional reason why Plaintiff's conditions-of-confinement claim must be dismissed." Id.

The Court agrees that Plaintiff's conditions-of-confinement claim should be dismissed, as Plaintiff's FAC fails to allege the conditions of his confinement. Plaintiff cannot amend the FAC through his opposition because "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." See Broam v. Bogan, 320 F.3d 1023, 1026 n. 2 (9th Cir. 2003) (citing Schneider v. Cal. Dep't. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir.1998). Additionally, judicial notice of the conditions of his confinement as alleged in his prior opposition to a previous motion to dismiss would be improper. The Court declines to take judicial notice of Defendants' failure to explicitly state that they have not subjected Plaintiff to any of his claims because Defendants are under no obligation to do so at this stage of the litigation process.

Accordingly, the undersigned recommends granting Defendants motion to dismiss regarding Plaintiff's conditions of confinement claim. Given, however, the possibility that Plaintiff's claim can be bolstered with the assertion of facts newly alleged in his opposition to the pending motion, the Court will recommend providing Plaintiff an opportunity to amend.

      **B.**      <u>**Due Process Claim Under the Fourteenth Amendment**</u>

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See <u>Ingraham v. Wright</u>, 430 U.S. 651, 672 (1977); <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See <u>Bd. of Regents</u>, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See <u>id.</u>

Liberty interests can arise both from the Constitution and from state law. See <u>Hewitt v. Helms</u>, 459 U.S. 460, 466 (1983); <u>Meachum v. Fano</u>, 427 U.S. 215, 224-27 (1976); <u>Smith v. Sumner</u>, 994 F.2d 1401, 1405 (9th Cir. 1993). In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question ". . . is within the normal limits or range of custody which the conviction has authorized the State to impose." <u>Wolff</u>, 418 U.S. at 557-58; <u>Smith</u>, 994 F.2d at 1405. Applying this standard, the Supreme Court has concluded that the Constitution itself provides no liberty interest in good-time credits, see <u>Wolff</u>, 418 U.S. at 557; in remaining in the general population, see <u>Sandin v. Conner</u>, 515 U.S. 472, 485-86 (1995); in not losing privileges, see <u>Baxter v. Palmigiano</u>, 425 U.S. 308, 323 (1976); in staying at a particular institution, see <u>Meachum</u>, 427 U.S. at 225-27; or in remaining in a prison in a particular state, see <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245-47 (1983).

Plaintiff alleges his due process was violated because Defendants failed to follow state law and CDCR policy by placing Plaintiff in administrative segregation prior to him being found guilty of a crime or rule violation. See ECF No. 37, pgs. 9-10; ECF No. 32-1, pg. 3. He further claims that he sustained the injuries of loss of conduct credit earning and loss of access to rehabilitative programming. See ECF No. 37, pg. 10. In their motion to dismiss, Defendants argue Plaintiff cannot state a claim for violation of due process due to his placement in administrative segregation and "Plaintiff's vague references to violations of state law or regulations are

unavailing." ECF No. 31, pg. 9.

Defendants' argument is persuasive. In the FAC, Defendants are purported to have violated Title 15 of the California Code of Regulations governing prisons. Under Title 15, however, the ICC [Institutional Classification Committee] can retain the inmate in administrative segregation in various circumstances and, if an inmate is retained in administrative segregation at their initial ICC hearing having postponed their RVR pending a court proceeding or referral to the District Attorney for possible prosecution, then a subsequent ICC review shall proceed in not more than 180 days. See Cal. Code Regs. tit. 15, §§ 3337(b)-(c), 3341.3(b)-(c). Here, Plaintiff was brought before the ICC for subsequent review within the allotted time and Defendants were not barred from retaining Plaintiff in administrative segregation due solely to the postponing of the RVR. Thus, the FAC does not sufficiently state how Plaintiff's retention in administrative segregation was procedurally improper. Moreover, ss explained above, the Constitution does not provide a liberty interest in remaining in the general population. See Sandin, 515 U.S. at 485-86.

Accordingly, the undersigned recommends granting Defendants motion to dismiss regarding Plaintiff's due process claim. This claim should be dismissed with prejudice because amendment would be futile.

      **C.**     **Retaliation Claim Under the First Amendment**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse

1  action against the inmate; (2) the adverse action was taken because the inmate engaged in

2  protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the

3  adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

4          Plaintiff's FAC alleges Defendants retaliated against Plaintiff for taking part in the

5  protected conduct of postponing adjudication of his RVR by improperly retaining Plaintiff in

6  administrative segregation when Defendants "knew well that Plaintiff was not supposed to serve a

7  SHU term in violation of the law and plaintiff's rights." See ECF No. 37, pg. 9-10. Plaintiff

8  reaches this conclusion because, upon disclosing during his ICC meeting that he planned to

9  postpone the RVR, he was told by Defendant Carrillo he would still need to serve a SHU term

10  and, after a brief debate of whether Title 15 allowed Plaintiff's retention in administrative

11  segregation, Defendant Hill allegedly stated "I don't care what it says your serving the SHU term

12  since you want to postpone the RVR." See ECF No. 37, pg. 9.

13          In their motion to dismiss, Defendants argue "Plaintiff fails to establish the

14  requisite nexus between the alleged retaliatory action and his protected conduct." ECF No. 31, pg.

15  11. Defendants further contend that the retention of Plaintiff in administrative segregation was

16  permissible under state regulations. See id. at 12. Defendants add:

17      . . .The FAC itself thus undercuts any argument that Plaintiff's
retention in administrative segregation was imposed because of any
18  protected conduct. (citations omitted). Here, Plaintiff was retained in
administrative segregation because of his pending referral to the District
19  Attorney. Given this more likely explanation for Defendants' conduct,
Plaintiff's due process claim as alleged is not plausible.
20  
Id.
21  
22  Finally, Defendants assert that Plaintiff's retention in administrative segregation served legitimate

23  penological goals. See id. at 13.  According to Defendants:

24      Finally, Defendants' alleged decision to retain Plaintiff in
administrative segregation served valid correctional goals. Preserving
25  institutional order, discipline, and security are legitimate correctional
goals. (citations omitted).  Plaintiff had already received an RVR that was
26  apparently sufficiently serious to warrant his placement in administrative
segregation and referral to the District Attorney. As already discussed, a
27  classification committee can retain an inmate in administrative segregation
for various reasons, including when not doing so "presents an immediate
28  threat to the safety of the inmate or others, endangers institution security

10

> or jeopardizes the integrity of an investigation of an alleged serious misconduct, criminal activity, or the safety of any person." Cal. Code Regs. tit. 15, § 3335. Under Plaintiff's own allegations, the decision to retain Plaintiff in administrative segregation served the valid correctional goals of ensuring safety and security.

ECF No. 31, pg. 13.

The Court agrees with Defendants that the FAC does not sufficiently allege a retaliation claim. Here, there is ambiguity regarding Defendants' purpose for retaining Plaintiff in administrative segregation. Defendants argue "Plaintiff was retained in administrative segregation because of his pending referral to the District Attorney." ECF No. 31, pg. 12. Plaintiff claims he was retained in administrative segregation in retaliation for his protected conduct alleging Defendant Carrillo calculated the SHU term following Defendant Hill telling Plaintiff he would be "serving the SHU term since you want to postpone the RVR." See ECF No. 37, pg. 9. When considering a motion to dismiss the Court must accept all allegations in the Plaintiff's pleading as true and all ambiguities or doubts must be resolved in the Plaintiff's favor. Thus, Plaintiff's allegations, taken as true, allege that the reason for his retention was due to his postponing the RVR.

However, another required element of a retaliation claim is that the adverse action must not have served a legitimate correctional goal. Here, it appears that Plaintiff's retention in administrative segregation did just that. As discussed above, Defendants were not barred from retaining Plaintiff in administrative segregation due to his postponing of the RVR and there are potential legitimate penological purposes for which his retention is permitted. Thus, Plaintiff must allege facts to show that Defendants decision to retain Plaintiff in administrative segregation did <u>not</u> serve one of those legitimate penological purposes, which he fails to do in the FAC. Accordingly, the undersigned recommends granting Defendants motion to dismiss regarding the retaliation claim. Because it is possible that Plaintiff can amend to allege facts to show that his retention in administrative segregation did <u>not</u> serve a legitimate penological purpose, the Court is willing to recommend that Plaintiff be provided an opportunity to amend his retaliation claim.

///

///

**D.      Claim for Relief Relating to Plaintiff's Property**

Through a form complaint alleging a third claim in Plaintiff's FAC, he checked the box identifying the issue involved was property. See ECF No. 37, pg. 5. Plaintiff did not fill out the rest of the form complaint, leaving blank the sections identifying the constitutional right violated, alleging supporting facts, identifying the issue, and discussing his administrative remedies pursued with respect to Plaintiff's property related claim. See id.

In Defendants' motion to dismiss they argue:

> . . .Neither the factual underpinning nor the legal basis for such a claim are stated, and no other allegations in the FAC support a property-related claim.
> To the extent that Plaintiff's unexplained reference to his property is meant to support his due process claim, the loss of access to property while Plaintiff was in administrative segregation is insufficient to establish a due process violation. See Pratt, 2021 WL 5984469, at *1-2.
> To the extent that Plaintiff wishes to assert a standalone claim relating to his property, no such claim is cognizable under section 1983. See Barnett, 31 F.3d at 816-17 ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy. California Law provides an adequate post-deprivation remedy for any property deprivations." (citations omitted)).

ECF No. 31 at 13.

Additionally, Defendants' state in their reply in support of the pending motion to dismiss "Plaintiff does not address any purported property-related claims in his opposition, abandoning any such claim that he was asserting." ECF No. 33, pgs. 1-2, n.1.

The Court finds that, to the extent Plaintiff intended a due process claim based on deprivation of property, he cannot state such a claim because the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). Any due process claim based on deprivation of property should be dismissed with prejudice.

///
///
///
///

### E. **Request for Injunctive Relief**

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

In the FAC, one form of relief requested by the Plaintiff is for "an order enjoining the named-defendants from engaging in unlawful conduct alleged in the complaint" and "an order granting other injunctive relief as may be appropriate." ECF No. 37, pg. 12. With respect to Plaintiff's claim for injunctive relief, Defendants argue in their motion to dismiss that Plaintiff cannot obtain injunctive relief to protect the rights of other individuals. See ECF No. 31, pg. 14 n.9. Defendants further argue, "Plaintiff's FAC relates to events allegedly taking place at Folsom State Prison, but he has since been transferred to another institution." ECF No. 31, pg. 14 (citation and footnote omitted). Defendants also state, "Any claims for injunctive relief are therefore moot." Id.

///

The court agrees that Plaintiff's request for injunctive relief should be dismissed as moot. To the extent that Plaintiff is requesting injunctive relief against Defendant Hill and Defendant Carrillo with respect to the conditions of his confinement at Folsom State Prison, Plaintiff's transfer to Kern Valley State Prison prison renders his request for injunctive relief moot in the absence of some evidence of an expectation he will be transferred back, which Plaintiff has failed to provide. To the extent that Plaintiff is requesting injunctive relief against nonparties or to protect the rights of others, this request too must be dismissed because injunctive relief cannot be granted against non-parties.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion to dismiss, ECF No. 31, be granted.
2. Plaintiff's due process claim based on retention in administrative segregation be dismissed with prejudice.
3. Plaintiff's claim arising from loss of property be dismissed with prejudice.
4. Plaintiff's request for injunctive relief be dismissed with prejudice as moot.
5. Plaintiff's first amended complaint, ECF No. 37, be dismissed with leave to amend as to Plaintiff's remaining claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 14, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE